16 F.3d 420
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Leslie W. JENNEMANN, Petitioner,
v.
ENVIRONMENTAL PROTECTION AGENCY, Respondent.
 No. 93-3191.
 United States Court of Appeals, Federal Circuit.
 Dec. 13, 1993.
 
 Before MICHEL and PLAGER, Circuit Judges, and MESKILL, Senior Circuit Judge.*
 DECISION
 PER CURIAM.
 
 
 1
 Leslie W. Jennemann appeals the decision of the Merit Systems Protection Board ("Board"), No. DE0432920336-I-1, which became final on December 18, 1992, when the Board denied review of the initial decision issued August 24, 1992. The Board affirmed the action of the Environmental Protection Agency ("agency"), removing petitioner from her position for unsatisfactory performance. Because the findings are supported by substantial evidence, the evidentiary exclusions do not constitute an abuse of discretion, and no other error has been shown, we affirm.
 
 DISCUSSION
 
 2
 This court must affirm a Board decision unless it is:
 
 
 3
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 4
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 5
 (3) unsupported by substantial evidence....
 
 
 6
 5 U.S.C. Sec. 7703(c).
 
 
 7
 Petitioner argues that the Administrative Judge (AJ) incorrectly refused to admit clarifying submissions relating to the affirmative defenses of whistle blowing and sexual and religious discrimination and improperly held that said affirmative defenses were waived. The AJ, however, had given petitioner ample opportunity to make the necessary submissions. In fact, the record shows that prior to the AJ's refusal to accept clarifying submissions, petitioner was notified three times that the submissions relating to her affirmative defenses were required, was provided with one extension of time to produce such submissions, and upon failure to file such submissions was ordered to show cause why said affirmative defenses should not be considered waived. Petitioner had been specifically warned about the consequences of failure to file in a timely manner the required clarifications and had never indicated that the time limits would be impossible to meet. Therefore, the AJ's ruling of waiver of the affirmative defenses and denial of admission of further evidence related thereto did not constitute an abuse of discretion.
 
 
 8
 Petitioner next contests the Board's finding that the agency proved that petitioner's performance was unsatisfactory. The Board noted that petitioner did not dispute the agency charge that petitioner failed to complete the two tasks specified in her performance improvement plan. The Board further noted that the evidence provided by petitioner's first and second line supervisors, as well as other documents from the performance improvement plan, supported a conclusion that petitioner's performance was indeed unsatisfactory. Thus, we cannot say that the Board's finding was unsupported by substantial evidence.
 
 
 9
 Petitioner next argues that she was not provided a reasonable opportunity to improve her performance. The Board, however, properly found otherwise. Petitioner was specifically notified of the four requirements of the performance standard necessary to establish minimally satisfactory performance, was made aware that two specific tasks required completion within the time frame of the performance improvement plan, and was told that her supervisor would be available for daily meetings and weekly reviews of her progress. The Board also noted that petitioner did not assert that she did not understand the specific requirements necessary to achieve satisfactory performance. In addition, the Board noted that petitioner met with her supervisor on several occasions and received extensive feedback regarding her performance. Moreover, the time limit of sixty days was neither per se unreasonable, nor shown to be unreasonable in these circumstances. Accordingly, the Board's finding that petitioner was afforded a reasonable opportunity to improve is supported by substantial evidence.
 
 
 
 *
 Honorable Thomas J. Meskill, Senior Circuit Judge, U.S. Court of Appeals for the Second Circuit, sitting by designation